Lisa Counters, 016436
SCHIFFMAN PUIG, P.C.
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 235-0539
Fax: (602) 266-0141
Lisa@splaw.net

Patricia E. Ronan, 029002
PATRICIA E. RONAN LAW, L.L.C.
P.O. Box 55341
Phoenix, AZ 85078
Voice: (619) 458-2505
Patricia@RonanEsq.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| Candice Wilson, | Case No. 2:16-cv-02973-SPL |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| City of Phoenix, | |
| Defendants. | |

For her complaint[1] against Defendants, Candice Wilson ("Wilson") alleges:

1.   This is an action seeking to redress retaliation in the public workplace brought by Candice Wilson against her former employer, the City of Phoenix ("City"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (as amended).

---

[1] The only change in this First Amended Complaint is the addition of Exhibit D, which was inadvertently left out of the original filing.

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(4), and 42 U.S.C. § 2000e.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3).

4. Wilson is a United States citizen who resided in Phoenix, Arizona at all relevant times during the events that give rise to this Complaint. Wilson is currently a resident of Green Bay, Wisconsin.

5. Defendant City of Phoenix ("City") is an Arizona municipal corporation, which owns and operates the City of Phoenix Police Department ("Department").

6. The City is engaged in an industry affecting commerce and has had at least 15 employees for each working day in at least the last 20 weeks.

7. Wilson was employed as a Police Officer by the Department starting in January 2006.

8. Wilson previously worked for the Department for almost two years in 1999 and 2000. She relocated to Jersey City, New Jersey for approximately four years. She worked as a Detective for the Hudson County Prosecutor's Office, working predominantly in the narcotics unit.

9. After Wilson returned to Phoenix, she was rehired by the Department in January 2006, and she rose through the ranks.

10. In February 2009, Wilson was promoted to Detective and assigned to the Robbery Unit.

11. Wilson worked with the Robbery Unit from February 2009 until May 2014 when she resigned.

12. Wilson was forced to resign because the unlawful retaliation and hostile working conditions made it impossible for her to continue to work with the Department.

13. On April 24, 2012, Wilson filed a formal complaint with the City of Phoenix Equal Opportunity Department ("EOD").

14. This complaint was investigated internally by the City. The City issued a report on the investigation in July 2012.

15. Prior to bringing the 2012 good faith internal complaint alleging misconduct by a fellow officer, Wilson's work performance at the Department was always rated satisfactory to excellent.

16. Following her complaint, Wilson was subjected to retaliation by her supervisors at the Department for lodging a good faith complaint alleging sexual harassment by a police sergeant.

17. Starting in May 2012, at the direction of supervising officers, members of the Robbery Unit began to write memoranda documenting allegedly unprofessional behavior of Wilson from January 2012 to retaliate against her for making the complaint with EOD.

18. There was no documentation of complaints or incidents involving Wilson prior to her making the complaint with the EOD.

19. In approximately July 2012, a Lieutenant with the Department, told Wilson's Sergeant, "[W]e need to get rid of [Candice Wilson] because she made the complaint [alleging sexual harassment]."

20. The Sergeant responded, "[B]oss, you can't say that, it's retaliation."

21. The Lieutenant then proceeded to invent a few other reasons for "getting rid" of Wilson.

22. A few weeks later, in August 2012, two officers accused Wilson of posting inappropriate messages on their Facebook pages.

23. Wilson's Sergeant preliminarily investigated their complaint about Wilson and thought it was trivial and unfounded.

24. Nevertheless, the Lieutenant ordered the Sergeant to discipline Wilson for the incident.

25. The City further retaliated against Wilson by subjecting Wilson to heightened scrutiny for behavior and job performance that was not applied to her colleagues, improperly surveilling her by making unauthorized and surreptitious recordings of conversations, falsely

accusing her of poor work performance, giving her unjustified "unmet" as part of her official evaluations, and giving her unfavorable job assignments.

26. The pattern of retaliation against Candice grew worse after she filed a Charge of Discrimination against the Department with the United States Equal Employment Opportunity Commission ("EEOC") on September 4, 2012 (Charge No. 540-2012-03291).

27. Wilson was forced to resign because the unlawful retaliation and hostile working conditions made it impossible for her to continue to work with the Department.

28. Defendant tolerated a discriminatory and retaliatory work environment at the City of Phoenix for many years now, and failed to adequately discipline employees guilty of engaging in discriminatory and retaliatory harassment.

29. Defendant's conduct as described above was intentional, protracted, malicious, and deliberately indifferent to and in reckless disregard of Candice Wilson's federally protected rights under Title VII.

30. Defendant's discriminatory treatment of Wilson undermined her otherwise excellent job performance and has caused her to suffer lost wages and other income and benefits.

31. Defendant's discriminatory treatment of Wilson also had a detrimental impact on her well-being and her physical and emotional health.

32. Based upon Defendant's discriminatory conduct as summarized above, Candice Wilson filed a Charge of Discrimination against the City of Phoenix with the EEOC on September 4, 2012.  See attached Exhibit A.

33. After Candice Wilson filed the Charge of Discrimination with the EEOC, she continued to be subjected to retaliation at work.

34. After the EEOC investigated Wilson's Charge of Discrimination, it determined that Defendant had retaliated against her after she exercised her right to make a complaint.  See attached Exhibit B, Determination dated September 4, 2015.

35. Furthermore, EEOC found that the City retaliated against the Sergeant who opposed the retaliation against Ms. Green and determined that her Facebook posts were not worthy of discipline.  See attached Exhibit C.

36. Even after the finding by the EEOC concerning Wilson and her Sergeant, the retaliation from the City of Phoenix continued.  After systematically unfair negative reviews, being ostracized by co-workers, undermined by command staff, subjected to harsher discipline and stricter scrutiny, the stress of the work environment became intolerable.  Candice Wilson was forced to resign on May 15, 2014.

37. After her resignation from the Department, retaliation continued when the City of Phoenix filed a false report with AZPost, indicating that Wilson left the Department as a result of misconduct, rather than because she resigned.

38. This false report makes it more difficult for Wilson to seek and secure appropriate employment with a law enforcement agency of similar size and stature to that of Department.

39. Candice Wilson has satisfied all of the requirements for initiating this action by exhausting her administrative remedies with the EEOC and either requesting or receiving Right to Sue Letters from the EEOC.  See attached Exhibit D.

40. Pursuant to Rule 38 (b) of Federal Rules of Civil Procedure, Candice Wilson hereby demands a trial by jury.

**WHEREFORE**, Candice Wilson respectfully requests the Court to:

A. Issue a judgment declaring that the conduct of Defendant as described above violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended;

B. Issue a judgment awarding Plaintiff nominal and compensatory damages against Defendant in amounts to be determined by the finder-of-fact at trial;

C. Issue a judgment awarding Plaintiff reasonable costs and attorney fees against Defendant pursuant to 42 U.S.C. § 2000e and any other applicable

law; and

D. Issue a judgment awarding Plaintiff all other relief that is just and

Dated this 21st day of September 2016.

        SCHIFFMAN PUIG, P.C.

        By: s/ *Lisa J. Counters*
            Lisa J. Counters

        PATRICIA E. RONAN, L.L.C.

        By: s/ *Patricia E. Ronan*
            Patricia E. Ronan

SCHIFFMAN PUIG, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014-4246
(602) 255-0539

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>540-2012-03291 | |

Arizona Attorney General's Office, Civil Rights Division         and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Candice J. Wilson | Home Phone (Incl. Area Code)<br>(623) 703-2034 | Date of Birth<br>11-29-1973 |
|---|---|---|

Street Address: 1 E. Lexington Ave, Apt 409, Phoenix, AZ 85012

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**PHOENIX POLICE DEPARTMENT** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>(602) 262-6093 |
|---|---|---|

Street Address: 620 W. Washington, Phoenix, AZ 85007

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest 09-04-2012
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In April 2012, I complained about sexual harassment by Sgt. Dave Saflar at an off-site location. Since then, I have been ostracized by co-workers, and others ignore me or refuse to assist me in job related duties that require teams of two. In or about July 2012, I was informed that Lt. Finley was attempting to discipline me and transfer me out of the Robbery Unit without cause.

**I believe I was discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, and retaliated against for engaging in protected activity.**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Sep 04, 2012
_Date_     _Charging Party Signature_

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**Exhibit A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Charge No. 540-2012-03291

Candice Wilson                         Charging Party
1 E. Lexington Ave, Apt 409
Phoenix, AZ  85012

Phoenix Police Department              Respondent
251 W. Washington, 7th Floor
Phoenix , AZ  85003

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Timeliness and all other requirements for coverage have been met.

Charging Party alleged she complained about sexual harassment by a sergeant in her unit and was subsequently ostracized by other co-workers. Charging Party alleged she was ignored and co-workers refused to assist her with any job related duties that required teams of two. Charging Party alleged in July 2012, she was informed a Lieutenant was attempting to discipline her and transfer her out of the Robbery Unit without cause.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe there is a violation of Title VII when Respondent subjected Charging Party to a hostile work environment in retaliation for her filing an internal sexual harassment complaint.

The Commission makes no finding regarding any other allegations made in the charge.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the confidentiality provisions of Title VII of the Civil Rights Act of 1964 and Commission Regulations.

**Exhibit B**

Determination
Charge no.: 540-2012-03291

This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. A Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

SEP 0 4 2015
_____
Date

_____
Rayford O. Irvin
District Director

**Exhibit B**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Phoenix District Office

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(866) 866-8075
TTY (602) 640-5072
FAX (602) 640-5071

Charge No.: 540-2013-00578

Jeffrey Green           Charging Party

City of Phoenix           Respondent
620 W. Washington
Phoenix, AZ 85003

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleged a female officer he supervised reported to him that she was sexually harassed by a fellow officer while at an off duty event. Charging Party alleged he assisted this officer with filing a formal EO complaint. Charging Party alleged a few months after filing the complaint his direct supervisor told him that they needed to get rid of this female officer because of her complaint against another officer. Charging Party alleged a few weeks later, two subordinate officers accused the female officer of posting inappropriate messages on their Facebook pages. Charging Party alleged he conducted a preliminary investigation into the matter and thought it was trivial and unfounded. Charging Party alleged his direct supervisor ordered him to discipline the female officer; however he questioned this action and believed it to be retaliatory. Charging Party alleged his direct supervisor accused him of being insubordinate, placed him on administrative leave, and subjected him to a fitness for duty evaluation.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that Respondent violated Title VII when it placed Charging on administrative leave, and required him to undergo a fitness for duty examination in retaliation for his participation in a protected activity and opposition to actions he believed to be discriminatory.

This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. The confidentiality provisions of Title VII and Commission Regulations apply to information obtained during conciliation. A Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

SEP 0 4 2015
Date

_Rayford O. Irvin_
Rayford O. Irvin
District Director

## Exhibit C

**U.S. Department of Justice**

Civil Rights Division

---

VG:KDW:KLF
DJ 170-8-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

JUN 13 2016

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7010 0290 0000 2011 8270
RETURN RECEIPT REQUESTED

Ms. Candice J. Wilson
3733 Libal Street
Green Bay, WI 54301

        Re:   Candice J. Wilson v. Phoenix Police Department
                EEOC Charge No. 540-2012-03291

Dear Ms. Wilson:

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

    Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

    We have returned the files in this matter to the EEOC's Phoenix District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Elizabeth Cadle, Acting Director, EEOC, 3300 N. Central Avenue, Ste. 690, Phoenix, AZ 85012.

                      Sincerely,

                      Vanita Gupta
        Principal Deputy Assistant Attorney General
                Civil Rights Division

        By:

                    Karen D. Woodard
                  Principal Deputy Chief
           Employment Litigation Section

cc:   Phoenix Police Department
      EEOC, Phoenix District Office

**Exhibit D**